**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN CABRERA-SAMAYOA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.     19-70806

Agency No. A205-599-995

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Christian Cabrera-Samayoa, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

part the petition for review.

Cabrera-Samayoa does not make any arguments challenging the agency's dispositive conclusion that his asylum application was untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). We do not consider Cabrera-Samayoa's contentions as to the merits of his asylum claim because the BIA did not decide that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the agency). Thus, we deny the petition for review as to asylum.

The agency denied withholding of removal because Cabrera-Samayoa failed to establish a nexus between his political opinion or particular social group. Cabrera-Samayoa does not challenge that determination. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, we deny the petition for review as to withholding of removal.

We lack jurisdiction to consider Cabrera-Samayoa's unexhausted contention that membership in his family constitutes a protected ground for purposes of withholding of removal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

To the extent Cabrera-Samayoa challenges the denial of CAT relief, we lack jurisdiction to consider these unexhausted contentions. *See id.* at 677-78.

19-70806

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**